## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------x
Joe Hand Promotions, Inc.
407 E. Pennsylvania Blvd.
Feasterville, PA 19053,

                Plaintiff,

       vs.                              CIVIL ACTION NO. 1:19-cv-12750

Jacob VanKampen, individually, and as
an officer, director, shareholder, member
and/or principal of EDSCO Incorporated
d/b/a Kelly's Bar, and EDSCO Incorporated
d/b/a Kelly's Bar,

                Defendants.
------------------------------------------------------x

## COMPLAINT

Plaintiff, Joe Hand Promotions, Inc., by and through its attorneys, as and for its Complaint against the Defendants, Jacob VanKampen, individually, and as an officer, director, shareholder, member and/or principal of EDSCO Incorporated d/b/a Kelly's Bar and EDSCO Incorporated d/b/a Kelly's Bar ("Defendants") alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper as this action arises under the copyright laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright) as this civil action is brought under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. and the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

## THE PARTIES

3. Plaintiff, Joe Hand Promotions, Inc. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 407 E. Pennsylvania Blvd., Feasterville, PA 19053.

4. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial/non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations.

5. By written agreement with the owner of the copyright of *Manny Pacquiao vs. Adrien Broner*, including all undercard bouts and commentary, telecast on January 19, 2019 (the "Program"), Plaintiff was granted the exclusive domestic license to authorize the public performance and display, 17 U.S.C. § 106(4)-(5), of the Program at commercial establishments.

6. Upon information and belief, Defendant EDSCO Incorporated is a business entity operating an establishment known as Kelly's Bar located at 14 Railroad Avenue, Wrightstown, NJ 08562 (the "Establishment").

7. Upon information and belief, the individual Defendant Jacob VanKampen resides in the State of New Jersey. On the date of the Program, Defendant Jacob VanKampen was an officer, director, shareholder, member or principal of the entity owning and operating the Establishment.

8. Upon information and belief, by virtue of the above position with the Establishment, Defendant Jacob VanKampen had the right and ability to supervise and an obvious

2

and direct financial interest in the activities of the Establishment at all times relevant to Plaintiff's claims.  Further, Defendant Jacob VanKampen had knowledge of Plaintiff's commercial licensing requirements and directly participated in and/or assisted in the Establishment's unauthorized broadcast of the Program.

**FACTS**

9.      The Program garnered widespread media coverage and public interest. Plaintiff licensed the Program to over 1,500 establishments nationwide authorizing them to exhibit the Program to their patrons, customers, members, and/or guests, granting such authorization after the payment of a commercial license fee to Plaintiff, which fee was determined by the capacity of the establishment.

10.     The Program was legally available to the Defendants for exhibition in their Establishment only after paying the commercial rate to Plaintiff.  Defendants, however, chose not to contract with Plaintiff and pay the proper commercial license fee to Plaintiff.  Instead, Defendants, including their agents, servants, and/or employees, took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream.

11.     In an effort to avoid paying the proper commercial license fees to Plaintiff, commercial locations, among other methods, obtained the Program through the illegal misuse of cable and satellite service by: (1) intercepting and redirecting cable or satellite service from a nearby residence, (2) registering their business location as a residence, (3) physically moving a cable or satellite receiver from a residence to their business, and/or (4) obtaining the Program in violation of the terms of their television service provider agreement.

12. In addition to the above, commercial locations also exploited restricted online access to the Program in order to avoid paying the proper commercial license fees to Plaintiff. Individual consumers could stream the Program through a limited number of legitimate online distributors for a maximum retail price of $74.99, but only for *non-commercial use*. The website of each distributor carried clear language limiting use of an online stream to residential, personal, and/or non-commercial use only. Undeterred, commercial locations would purchase the Program for viewing on a personal device or in a residence, then proceed to link this device to the establishment's television screen(s) to unlawfully exhibit the Program commercially.

13. Upon information and belief, Defendants willfully engaged in one or more of the above illegal acts to receive the Program for free or at a nominal cost while Plaintiff's legitimate customers paid several thousand dollars. Defendants knew, or should have known, their receipt and exhibition of the Program at their establishment was not authorized.

14. Upon information and belief, Defendants intentionally pirated the Program for the sole purpose of their own economic gain. Defendants exhibited the Program for the commercial purpose of attracting paying customers, patrons, members, and guests, thereby wrongfully benefiting financially by infringing Plaintiff's rights in the high-profile event.

15. Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the Program in the Establishment.

16. As exclusive licensee of the Program, Plaintiff has standing and capacity to bring this action in its own name against Defendants for violations of the Communications and Copyright Acts.

## COUNT I

### SATELLITE [47 U.S.C. § 605] AND CABLE [47 U.S.C. § 553] PIRACY

17.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

18.     Upon information and belief, Defendants' exhibition of the Program was accomplished through the interception and receipt of a cable and/or interstate satellite signal.

19.     Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 and/or 553.

20.     Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. §§ 605 and/or 553.

## COUNT II

### COPYRIGHT INFRINGEMENT

21.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

22.     Defendants' unauthorized distribution and public performance of the Program through any means, including without limitation, cable, satellite, or internet stream, was in violation of 17 U.S.C. §§ 106 and 501.

23.     Defendants' acts of infringement were not only willful, intentional, and purposeful, but also in complete disregard of and indifference to Plaintiff's rights.

24.     Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 17 U.S.C. § 505.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant jointly and severally as follows:

a.    for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605 committed for the purpose of commercial advantage, or alternatively, for statutory damages, in the discretion of this Court, of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553 committed for the purpose of commercial advantage;

b.    for Plaintiff's attorneys' fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C);

c.    for statutory damages, in the discretion of this Court, of up to the maximum amount of $150,000.00 pursuant to 17 U.S.C. § 504(c) for the willful violation of 17 U.S.C. § 501;

d.    for Plaintiff's attorneys' fees, interest, and costs of suit pursuant to 17 U.S.C. § 505; and

e.    for such other and further relief to which Plaintiff may be entitled.

                                                            Respectfully submitted,

Dated: May 21, 2019                  By:  /s/ Ryan R. Janis
                                                                Ryan R. Janis, Esq.
                                                                Jekielek & Janis LLP
                                                                203 E. Pennsylvania Blvd.
                                                                Feasterville, PA 19053
                                                                T: 215-396-2727
                                                                F: 267-386-2167
                                                                ryan@jj-lawyers.com

                                                                Attorney for Plaintiff